UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
TREVIS RAGSDALE, *pro se*,            :
                                      :
                         Petitioner,  :
                                      :         **MEMORANDUM AND ORDER**
             -against-                :         11-CV-1681 (DLI)
                                      :
WARDEN,                               :
                                      :
                         Respondent.  :
------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* petitioner Trevis Ragsdale ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (*See* Petition ("Pet."), Dkt. Entry No. 1). By letter dated April 22, 2011, Petitioner requested that this Court stay his Petition to allow him to exhaust his state remedies. (*See* Letter dated April 22, 2014, Dkt. Entry No. 3.) On June 22, 2011, this Court stayed the Petition and granted Petitioner leave to file an amended petition within ninety days of the completion of his state court proceedings. (*See* Order dated June 22, 2011.) As discussed below, Petitioner exhausted his state court proceedings and returned to this Court to renew his habeas application. (*See* Amended Petition ("Am. Pet."), Dkt. Entry No. 21.) For the reasons set forth below, Petitioner's habeas application is denied in its entirety.

---

[1] In reviewing Petitioner's pleadings, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the Court interprets the Petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

## BACKGROUND

I.  **The Case against Petitioner**

The evidence adduced at trial indicates that, on June 28, 2002, after a day of drinking and smoking marijuana, Petitioner shot and killed Bobby Kareem Gibson ("Gibson"). A day earlier, Gibson had been named as an eyewitness in a New York State Supreme Court, Kings County ("Kings County Supreme Court") homicide trial against Wesley Sykes. (Transcript of Petitioner's Jury Trial ("Tr."), Dkt. Entry No. 23, 1049-50.) In sworn statements to the police, Petitioner admitted to shooting Gibson following an argument that arose when Gibson and his friend "Slay" refused to give Petitioner any beer. (Tr. 1256-61.) Petitioner claimed that he was drunk and only meant to scare Gibson. (*Id.*) According to Petitioner's statements, he did not even know he shot Gibson until someone told him so later in the evening. (*Id.*)

At trial, the prosecution presented an eyewitness who testified that he was with both Petitioner and Gibson the evening of the shooting. According to this eyewitness, Gibson was drinking with some friends on a stoop. (Tr. 902-04, 962, 976-77.) Gibson left to go buy beer from a bodega, and, shortly thereafter, Petitioner arrived at the stoop. (*Id.*) Petitioner told the eyewitness that as soon as a nearby police car left, he was going to "lay Slay and K." (Tr. 290-91, 375-76, 539.) Gibson went by the nickname "K." (Tr. 282-83.) The police car left a few minutes later and Petitioner walked in the direction of the bodega. (Tr. 283, 292-93, 380, 465, 468-69, 520-21.) The eyewitness followed Petitioner and saw him fire multiple shots at Gibson. (Tr. 282-83, 295, 383, 521, 595-96.) Petitioner fled to North Carolina the next day. (Tr. 844-52.)

On July 9, 2002, Petitioner returned to New York and surrendered to police. (Tr. 713.) Petitioner was arrested and charged with Murder in the First Degree (N.Y. Penal Law §

2

125.27(1)(a)), two counts of Murder in the Second Degree (N.Y. Penal Law § 125.25(1)), Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law § 265.03(2)), and Criminal Possession of a Weapon in the Third Degree (N.Y. Penal Law § 265.02(2)).

## II. The Trial and Verdict

On these facts, Petitioner was tried before a jury in Kings County Supreme Court. On June 29, 2004, Petitioner was found not guilty of Murder in the First Degree, and guilty of Murder in the Second Degree (N.Y. Penal Law § 125.25(1)). Petitioner was sentenced to an indeterminate prison term of twenty-five years to life.

## III. Direct Appeals

On December 8, 2009, the New York State Supreme Court Appellate Division, Second Department ("Appellate Division") unanimously affirmed Petitioner's judgment of conviction. *People v. Ragsdale*, 68 A.D. 3d 897 (2d Dep't 2009). On March 31, 2010, the New York State Court of Appeals denied Petitioner's application for leave to appeal. *People v. Ragsdale*, 14 N.Y. 3d 804 (2010). Accordingly, under 28 U.S.C. § 2244(d)(1)(A), Petitioner's conviction became final ninety days later on June 29, 2010.

## IV. The Instant Petition

On March 11, 2011, Petitioner timely applied to this Court for a writ of habeas corpus. Petitioner raised two claims of ineffective assistance of counsel: (1) that his counsel failed to call Leslie Cordero as a witness; and (2) that his counsel failed to seek the dismissal of a juror who allegedly fell asleep during trial. (Pet. at 6-10.) On April 22, 2011, Petitioner requested that the Court stay his Petition so that he could exhaust the claim related to the sleeping juror in state court. (*See* Letter dated April 22, 2014, Dkt. Entry No. 3.) The Court granted his request by

order dated June 22, 2011. (*See* Order dated June 22, 2011.) Petitioner was granted leave to file an amended petition within ninety days after the completion of his state court proceedings. (*Id.*)

On June 22, 2011, Petitioner moved in Kings Country Supreme Court to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10(1). Petitioner argued that his trial counsel was ineffective for failing to: (1) seek the discharge of an allegedly sleeping juror; (2) object to the lead detective's testimony that an eyewitness not called by the prosecution identified Petitioner in a lineup; (3) move to suppress Petitioner's statements and identification; (4) move to reopen the identification and probable cause hearings; and (5) call Leslie Cordero as a witness.

On June 10 and August 12, 2013, the Kings County Supreme Court held an evidentiary hearing limited to the issue of whether a juror was asleep during Petitioner's trial. The court heard testimony from two members of Mr. Ragsdale's family, the trial prosecutor, Mr. Ragsdale's trial counsel, Justice L. Priscilla Hall, who presided over the trial, and Petitioner himself. On February 4, 2014, the court denied Petitioner's motion to vacate the judgment, finding, among other things, that Petitioner failed to meet his burden of showing by a preponderance of the evidence that a juror slept during trial. The court denied all of Petitioner's remaining claims. (State Record, Ex. N, Decision and Order by Judge Ruth Shillingford dated February 4, 2014 ("Dec. & Order Feb. 4, 2014").)

On September 2, 2014, Petitioner returned to this Court and filed the Amended Petition. Petitioner alleges four claims in his Amended Petition: (1) that he was denied effective assistance of counsel when his trial counsel failed to call Leslie Cordero as a witness; (2) that his trial counsel was ineffective when counsel failed to seek the discharge of a juror who allegedly slept through some of the trial; (3) that he was denied due process when the prosecution engaged in

4

misconduct by disobeying the trial court's *Molineux* ruling; and (4) that his statements and identification should have been suppressed because of an alleged violation of the right to counsel. (Am. Pet. 6-11.) Respondent, opposes each claim alleged in the Amended Petition. (*See generally* Affidavit of Thomas Ross in Opposition to Petition ("Ross Aff."), Dkt. Entry No. 23.) For the reasons set forth below, the Petition is denied in its entirety.

## STANDARD OF REVIEW

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, 28 U.S.C. § 2254(a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

A federal district court may grant a writ of habeas corpus to a state prisoner on a claim that was adjudicated on the merits in state court only if it concludes that the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). An "unreasonable application" is one in which "the state court identifie[d] the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applie[d] that principle to the facts of the

prisoner's case." *Id.* at 413. Finally, "a determination of a factual issue made by a State court shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## DISCUSSION

### I. Counsel's Failure to Call Leslie Cordero

Petitioner claims that his trial counsel was ineffective by failing to call Leslie Cordero, an eyewitness who provided conflicting accounts of what she saw the night of the shooting. Under the Sixth Amendment, criminal defendants "shall enjoy the right . . . to have the Assistance of Counsel for [their] defense." U.S. Const. amend. VI. Furthermore, "the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness" measured by "prevailing professional norms," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, (1984). To satisfy this second prong of *Strickland*, a petitioner must demonstrate that there is a "probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The petitioner bears "[t]he burden of establishing both constitutionally deficient performance and prejudice." *U.S. v. Birkin*, 366 F.3d 95, 100 (2d Cir. 2004) (citing *Strickland*, 466 U.S. at 687). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. A federal court's review on a habeas application focuses on whether the state

6

court's denial of petitioner's ineffective assistance of counsel claim rested upon an objectively unreasonable application of *Strickland*. *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002).

Petitioner raised this ineffective assistance of counsel claim in his C.P.L. § 440.10 motion. The state court determined that counsel made a "deliberate and strategic decision not to call Cordero." (Dec. & Order Feb. 4, 2014 at 13.) This determination was not objectively unreasonable. *See Pierre v. Ercole*, 560 F. App'x 81, 82-83 (2d Cir. 2014) ("We cannot say that counsel was ineffective for electing not to call [witness], much less that the state court's decision not to afford relief on this ground was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.") In all her conflicting accounts of the evening, Cordero never indicated that someone other than Petitioner shot Gibson. Petitioner's counsel stated on the record that, had he called Cordero, she would have testified that the prosecution's main eyewitness told her at time of the shooting, "that's [Petitioner]!" and that counsel "[does not] want to bring that out." (Tr. 1736-1742.)

This Court agrees with the state court's assessment that defense counsel's decision not to call an eyewitness who could not exculpate Petitioner was a tactical decision within the sound discretion of counsel. *See Marcus v. United States*, 2015 WL 3869689, at *11 (E.D.N.Y. June 22, 2015) (denying ineffective assistance claim on the basis that calling "a particular witness is the type of strategic choice that courts are ill-suited to second-guess.") Petitioner also fails to satisfy his burden of demonstrating that, but for his counsel's failure to call Cordero as a witness, the outcome of the proceeding likely would have been different. *See Grant v. Ricks*, 151 F. App'x 44, 45 (2d Cir. 2005).

To the extent Petitioner alleges that he was denied his Sixth Amendment right to confront Cordero, that claim also is denied. According to Petitioner, a violation of the Confrontation

7

Clause occurred when Detective John Kristoffersen testified that he had spoken with Cordero as part of his investigation, and that the detective focused on locating Petitioner after speaking with her. (Am. Pet. 6.) The Appellate Division held that this claim was unpreserved for review because defense counsel failed to lodge a timely objection and that the detective's testimony was only admitted to show the detective's state of mind, and not admitted for its truth. (Dec. & Order Feb. 4, 2014 at 12.)

Given that the Appellate Division denied this claim on state procedural grounds and Petitioner makes no attempt to argue that an exception to the procedural bar doctrine applies, this Court holds that this claim is procedurally barred. *See Gutierrez v. Smith*, 702 F.3d 103, 111 (2d Cir. 2012) ("If a state appellate court refuses to review the merits of a criminal defendant's claim of constitutional error because of his failure to comply with such a 'contemporaneous objection' rule, a federal court generally may not consider the merits of the constitutional claim on habeas corpus review.") It would offend principles of comity and federalism for this Court to grant habeas review of Petitioner's procedurally barred claim and his claim is therefore denied. *See Walker v. Martin*, 562 U.S. 307, 315 (2011) ("A federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment."); *see also Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).

## II. Counsel's Failure to Object to a Sleeping Juror

Petitioner argues that he was deprived of his right to effective assistance of counsel because his trial counsel failed to object to, or ask the court to remove, a juror who allegedly slept during portions of Petitioner's trial. Petitioner raised this claim in his C.P.L. § 440.10 motion, and was granted a hearing limited to the determination of the factual issue as to whether

a juror was slept during the trial, and if so, whether Petitioner's trial counsel was ineffective in failing to address the sleeping juror. The state court heard testimony from Petitioner, Petitioner's trial counsel, Petitioner's mother, Petitioner's brother, the prosecutor who tried the case, and the trial judge. The court found that neither the judge nor the attorneys had any recollection that a juror slept during the trial. (Dec. & Order Feb. 4, 2014 at 10.) The court declined to credit Petitioner's witnesses and denied the 440.10 motion on this ground. *Id.*

Petitioner fails to overcome by clear and convincing evidence the presumption of correctness that attached to the state court's findings. *See* 28 U.S.C. § 2254(e)(1) ("a determination of a factual issue made by a State court shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence"). Petitioner has not demonstrated that any juror in fact was asleep or missed any part of the trial.

Additionally, Petitioner does not claim that he was prejudiced as a result of any alleged juror misconduct. Petitioner does not argue that an allegedly sleeping juror "adversely affected the jury's deliberations or had a substantial and injurious effect on its ultimate conclusions." *Faria v. Perez*, 2012 WL 3800826, at *12 (E.D.N.Y. Sept. 2, 2012). *See also Ciaprazi v. Senkowski*, 151 F. App'x 62, 63 (2d Cir. 2005) (rejecting ineffective assistance claim predicated on sleeping juror because "trial counsel's decision not to object may well have been based on his desire to retain the inattentive juror rather than to seek to replace him with an alternate"). The Petition is denied as to this claim.

### III. Prosecutor's Violation of *Molineux* Ruling

Petitioner claims that the prosecutor deliberately disobeyed the trial court's ruling pursuant to *People v. Molineaux*, 168 N.Y. 264 (1901) precluding the admission of Petitioner's

9

prior uncharged crime. Following the prosecutor's improper question, defense counsel immediately objected and moved for a mistrial. (Tr. 634-35.) The court sustained the objection and instructed the jury that questions are not evidence. The Appellate Division found that the prosecutor's remark was "isolated and brief," and did not deprive Petitioner of his right to a fair trial. *People v. Ragsdale*, 68 A.D. 3d 897 (2d Dep't 2009).

Because Petitioner seeks habeas relief based on a state court evidentiary ruling, he must demonstrate that the alleged error violated a constitutional right, and was so extremely unfair that it violates fundamental conceptions of justice. *See McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 F. App'x 69, 73 (2d Cir. 2011) (holding that "unless the challenged evidentiary rulings in the state proceedings affect the fundamental fairness of those proceedings, the claims are not properly reviewable" in a habeas proceeding); *Zarvela v. Artuz*, 364 F.3d 415, 418 (2d Cir. 2004); s*ee also Roldan v. Artuz*, 78 F. Supp. 2d 260, 276-77 (S.D.N.Y. 2000) ("A habeas claim asserting a right to relief on *Molineux* grounds must rise to the level of constitutional violation . . . because *Molineux* is a state law issue.").

Petitioner does not establish an error of constitutional magnitude that warrants habeas relief. The Appellate Division found that the prosecutor's remark was "isolated and brief," and did not deprive Petitioner of his right to a fair trial. *People v. Ragsdale*, 68 A.D. 3d 897 (2d Dep't 2009). Petitioner fails to show that this finding is against clearly established federal law. Any prejudice to Petitioner resulting from the prosecutor's question was remedied by the court's prompt curative instructions. *See Moore v. Conway*, 476 F. App'x 928 (2d Cir. 2012) (denying habeas relief on the basis that "any potential prejudice from the prosecutor's impropriety was remedied by the trial court's prompt curative instruction"). Petitioner's claim on this ground is denied.

## IV. Suppression of Petitioner's Statements and Identification

Petitioner also contends that his statements to police and the identification evidence against him should have been suppressed because his right to counsel attached at the time of the custodial interrogation. This claim was not raised in Petitioner's direct appeal; it was raised only in Petitioner's § 440.10 application, and raised only in the form of an ineffective assistance of counsel claim, which was denied by the Kings County Supreme Court. A claim for ineffective assistance of counsel for failing to raise an underlying claim does not exhaust the underlying claim. *Turner v. Artuz*, 262 F.3d 118, 123 (2d Cir. 2001); *see also Bond v. Walker*, 68 F. Supp. 2d 287, 296 (S.D.N.Y. 1999), *aff'd* 242 F.3d 364 (2d Cir. 2000) ("An ineffective assistance claim is separate and distinct from the substantive claim incorporated in the ineffective assistance claim, such that exhaustion of the ineffective assistance claim is not exhaustion of the underlying substantive claim."). Accordingly, Petitioner's new, freestanding claim is unexhausted.

Generally, if a federal habeas petition contains unexhausted claims, the Court should dismiss the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Nevertheless, when the petitioner no longer has a remedy available in the state courts, the court may deem the claims exhausted because any attempt to pursue the claim in state court would be fruitless. *Bossett v. Walker*, 41 F.3d 825, 828-29 (2d Cir. 1994) ("It would thus be fruitless to require [petitioners] to pursue these claims in state court, and we deem the claims exhausted.").

New York law "mandates that the state court deny any 440.10 motion where the defendant unjustifiably failed to argue such constitutional violation on direct appeal despite a sufficient record." *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997). Petitioner unjustifiably failed to raise his suppression argument on direct appeal. Because of this procedural default,

petitioner's attempt to return to state court to exhaust this claim would be fruitless. Consequently, the Court deems this claim unexhausted, but procedurally defaulted. *See Rush v. Lempke*, 500 F. App'x 12, 14 (2d Cir. 2012) ("If a habeas applicant fails to exhaust state remedies by failing to adequately present his federal claim to the state courts so that the state courts would deem the claim procedurally barred, federal habeas courts must deem the claim procedurally defaulted.")

Petitioner's procedurally defaulted claim may be reviewed by this Court only if he can demonstrate either: (1) cause for the default and actual prejudice resulting therefrom; or (2) that the failure to consider the claims will result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. 478, 485, 495 (1986); *see also Lampon v. LaValley*, 504 F. App'x 1, 1 (2d Cir. 2012). The "fundamental miscarriage of justice" exception requires a showing of actual, not merely legal, innocence. *Murray*, 477 U.S. at 496.

Petitioner does not allege facts sufficient to avail himself of the miscarriage of justice exception. While ineffective assistance of counsel may constitute sufficient cause to overcome a procedural default where counsel's performance amounted to a constitutional violation, "attorney error short of ineffective assistance of counsel does not constitute cause and will not excuse a procedural default." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

Petitioner fails to make a valid showing of ineffective assistance of counsel. In its decision on Petitioner's § 440.10 application, the state court found that there was no error by counsel in failing to move to suppress Petitioner's statements to police because, contrary to Petitioner's argument, "the right to counsel does not attach to the issuance of a wanted card." (Dec. & Order Feb. 4, 2014 at 12.) This decision was not contrary to, nor an unreasonable application of, federal law. The right to counsel does not attach until formal judicial proceedings

are initiated against the defendant. *Kirby v. Illinois*, 406 U.S. 682, 691 (1972). There was "no significant judicial involvement in this case until the issuance of the actual arrest warrant, which occurred after the defendant made his statements to the police." *People v. Walker*, 84 A.D.3d 842, 843 (2d Dep't 2011). Petitioner's claim on this ground, therefore, is denied.

## CONCLUSION

For the foregoing reasons, the Petition for a writ of habeas corpus is denied in its entirety. A certificate of appealability shall not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from a judgment denying this habeas application would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED

DATED: Brooklyn, New York
         September 24, 2015

                                                      /s/
                                            DORA L. IRIZARRY
                                     United States District Judge